**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JAMES JEFFREY WHITE,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. MJM-25-2792** |
| **BFI WASTE SERVICES, LLC D/B/A ALLIED WASTE SERVICES OF BALTIMORE / REPUBLIC SERVICES OF BALTIMORE,** | * | |
| **Defendant.** | * | |

* * * * * * * * * *

**MEMORANDUM AND ORDER**

Self-represented plaintiff James Jeffrey White ("Plaintiff") filed this civil action against his employer, BFI Waste Services, LLC d/b/a Allied Waste Services of Baltimore/ Republic Services of Baltimore ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and Maryland Fair Employment Practices Act ("FEPA"). ECF No. 1. Defendant filed a motion to dismiss with an accompanying memorandum, ECF Nos. 8 & 9, and requested a hearing, ECF No. 10. Plaintiff filed a response to the motion, in which he also requested leave to amend his pleading, ECF No. 16, and Defendant filed a reply, ECF No. 17. A hearing is not necessary to resolve the pending motion. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendant's motion to dismiss is granted, and a deadline will be set for Plaintiff to file an amended complaint.

## I. BACKGROUND

Plaintiff worked as a commercial driver for Defendant beginning in September 2013. ECF No. 1-2 at 1. Due to an undisclosed disability, Plaintiff asked to be "[p]artner[ed]" with an "employee with [a] CDL certification" or "assign[ed] to [a] truck route that would not require frequent exiting and entering [of] the truck while also performing physical work" that was typiclly assigned to a "helper." *Id.* at 2. Plaintiff's request was denied. *Id.* As a result, Plaintiff suffeAred "[l]ost wages, emotional distress, financial hardship, [and] los[s] of employment tenure." *Id.*

At some point, Plaintiff filed an EEOC charge against Defendant. *Id.* at 1. On May 27, 2025, the EEOC provided Plaintiff a "Right-to-Sue" letter, indicating that Plaintiff had 90 days to initiate a lawsuit against Defendant. *Id.* Thereafter, Plaintiff initiated this action. Plaintiff alleges that Defendant failed to accommodate his disability and discriminated against him in violation of the ADA and FEPA, and that it failed to give him notice of his rights and leave to which he was entitled under the FMLA. ECF No. 1 at 6.

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a defendant may file a motion to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Upon review of a motion to dismiss pursuant to Rule 12(b)(6), the court

accepts all well-pleaded allegations in the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). "While we must accept the factual allegations in the complaint as true, we need not accept a complaint's legal conclusions. Thus, simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019)).

Because "motion[s] to dismiss test[] the sufficiency of a complaint," a court assessing a Rule 12(b)(6) motion is "generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (quoting *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013)). A court may also "consider documents that are explicitly incorporated into the complaint by reference," documents "attached to the complaint as exhibits," and documents attached to a motion to dismiss, so long as they are "integral to the complaint and authentic." *Id.* at 166 (citations omitted). But a plaintiff "should at least briefly identify the facts contained in the underlying documents which plausibly support their legal conclusions." *Teamsters Loc. No. 355 A/W Int'l Bhd. of Teamsters v. Sysco Baltimore, LLC*, Civ. No. CCB-18-1410, 2019 WL 174554, at *2 (D. Md. Jan. 10, 2019). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached, the exhibit prevails." *Id.* (citation modified).

Courts must construe *pro se* pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021); *see also Folkes v. Nelsen*, 34 F.4th 258, 272

(4th Cir. 2022). "[L]iberal construction does not require [the court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a civil complaint by a self-represented plaintiff "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citation modified) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

## III. ANALYSIS

In his Complaint, Plaintiff brings claims against Defendant for disability discrimination and failure to accommodate under the ADA and the Maryland FEPA,[1] and separate violation of the FMLA. Defendant contends that Plaintiff's Complaint should be dismissed because it fails to plead sufficient facts to show he was a qualified individual with a disability, that he suffered an adverse employment action, and that he suffered unlawful discrimination under the ADA and FEPA. ECF No. 9 at 4–12. Additionally, Defendant asserts that there are no allegations to support the inference that Defendant interfered with Plaintiff's exercise of his FMLA rights. *Id* at 9. In opposition to Defendant's motion, Plaintiff offers facts that he failed to allege in his Complaint and asserts that the pleading standard is satisfied. *See* ECF No. 16 at 2–4.

For the reasons explained below, all claims shall be dismissed without prejudice pursuant to Rule 12(b)(6).

[1] In his opposition brief, Plaintiff contends that he asserted a retaliation claim, ECF No. 16 at 3–4, no such claim appears on the face of the Complaint. *See generally* ECF Nos. 1 & 1-2. Because "[i]t is well established that a complaint may not be amended by the briefs in opposition to a motion to dismiss," *Doe v. Cmty. Coll. of Balt. Cnty.*, 595 F. Supp. 3d 392, 417 (D. Md. 2022) (citation modified), the Court will not consider the retaliation claim asserted in his Plaintiff's opposition brief. Plaintiff will have an opportunity to add any retaliation claim and facts in support of it in his amended complaint.

**A. ADA and FEPA**

"The ADA prohibits employers 'from discriminating against a qualified individual on the basis of disability.'" *McKinney v. Cleveland Cnty. Bd. of Educ.*, No. 22-1697, 2023 WL 4637115, at *4 (4th Cir. July 20, 2023) (quoting *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 344 (4th Cir. 2013); *see also* 42 U.S.C. § 12112(a). It also requires employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]" 42 U.S.C. § 12112(b)(5)(A); *see also Holmes v. Gen. Dynamics Mission Sys., Inc.*, 382 F. Supp. 3d 529, 532 (W.D. Va. 2019), *aff'd*, 835 F. App'x 688 (4th Cir. 2020) (quoting *E.E.O.C. v. Fed. Express Corp.*, 513 F.3d 360, 371 (4th Cir. 2008)) ("An employer must 'make reasonable accommodations for an applicant or an employee's disability.'"). Similarly, the Maryland FEPA prohibits employment discrimination based on "disability unrelated in nature and extent so as to reasonably preclude the performance of the employment[,]" Md. Code Ann., State Gov't § 20-606(a)(1)(i), and it requires employers "to make a reasonable accommodation for the known disability of an otherwise qualified employee[,]" *id.* § 20-606(a)(4).

For an ADA claim to survive dismissal, the plaintiff must allege sufficient facts to demonstrate that they are a member of the class of persons protected by the ADA. *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 (4th Cir. 2004). A plaintiff is within the ADA's protected class if he or she is "a qualified individual with a disability." 42 U.S.C. § 12112. "The ADA defines disability as '(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Gentry v. E. W. Partners Club Mgmt. Co. Inc.*, 816 F.3d

228, 236 (4th Cir. 2016) (quoting 42 U.S.C. § 12102(1)). For purposes of § 12102(1), "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). An individual is "qualified" for purposes of the ADA when, "with or without reasonable accommodation," the individual "can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Here, Plaintiff asserts that he has a disability, but he does not specify in his Complaint any "a physical or mental impairment that substantially limits" any major life activity, identify any "record of such an impairment[,]" or allege that he was "regarded as having such an impairment." 42 U.S.C. § 12102(1). He also fails to allege any facts in the Complaint to support a reasonable inference that he was "a qualified individual"—i.e., that he could "perform the essential functions of" his position. 42 U.S.C. § 12111(8). Instead, he simply asserts that he was "[q]ualified to perform essential functions, with or without accommodations." *See* ECF No. 1-2 at 2. Without facts to support this conclusory allegation, it is not entitled to the presumption of truth and is insufficient to support an ADA claim that is plausible on its face. *See Sheppard*, 993 F.3d at 234 (citation omitted) ("While we must accept the factual allegations in the complaint as true, we need not accept a complaint's legal conclusions. Thus, simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard."); *Munoz v. Balt. Cnty.*, Civ. No. RDB-11-02693, 2012 WL 3038602, at *8 (D. Md. July 25, 2012) (quoting *Iqbal*, 556 U.S. at 678) ("As '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim, . . . Plaintiff's bare assertions that he 'can perform all of the essential functions' and is a 'qualified individual' fail to state a claim

that he is qualified."). As a result, Plaintiff's discrimination and failure-to-accommodate claims under the ADA must be dismissed. *See Boor v. Am. Woodmark Corp.*, Civ. No. RDB-25-1738, 2026 WL 570451, at *4 (D. Md. Mar. 2, 2026) (holding that to state a plausible discrimination claim under the ADA, a plaintiff must allege, among other facts, that "he was a qualified individual with a disability"); *Wilson v. City of Gaithersburg*, 121 F. Supp. 3d 478, 484 (D. Md. 2015) (holding that to state a plausible failure-to-accommodate claim under the ADA, a plaintiff must allege, among other facts, that he "had a disability within the meaning of the statute" and "that with reasonable accommodation he could perform the essential functions of the position").

Even if Plaintiff did properly allege that he was a qualified individual with a disability, his Complaint would still fail to state any plausible claim of discrimination under the ADA. To establish a prima facie case of discrimination under the ADA, a plaintiff must show, among other things, that he or she "suffered an adverse employment action based on [his or] her disability." *Peterson v. Cap. One, N.A.*, 705 F. Supp. 3d 484, 494 (D. Md. 2023) (quoting *Laird v. Fairfax Cnty., Virginia*, 978 F.3d 887, 892 n.4 (4th Cir. 2020)). An adverse employment action is an action taken by an employer that "adversely "affect[s] employment or alter[s] the conditions of the workplace." *Laird*, 978 F.3d at 893 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006)) (emphasis removed). Here, Plaintiff alleges that he was "remov[ed] from [his] position," ECF No. 1 at 6, which constitutes an adverse employment action, *see Kelly v. Town of Abingdon*, 90 F.4th 158, 169 (4th Cir. 2024) ("The ADA prohibits wrongful discharge as a form of disability discrimination."); *Allen v. Baltimore Cnty., Md.*, 91 F. Supp. 3d 722, 736 (D. Md. 2015) (involuntary demotion is "sufficient" to show "an adverse employment action"). However, he fails to allege any facts in his Complaint to support a reasonable inference that he was removed

from his position based on his disability. Therefore, he has not sufficiently pleaded his discrimination claim.

Plaintiff also fails to allege facts sufficient to state a plausible failure-to-accommodate claim. "To state a claim for failure to accommodate under the ADA, Plaintiff must allege '(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations." *Wilson*, 121 F. Supp. 3d at 484 (quoting *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n. 11 (4th Cir. 2001)); *see also Wilson*, 717 F.3d at 345. Plaintiff alleges in his Complaint that he requested certain accommodations, including assignment to a truck route that "would not require frequent exiting and entering [of] the truck while also performing physical work" typically assigned to a "helper." ECF No. 1-2 at 2. And he alleges that Defendant denied his requests. *Id.* But Plaintiff fails to allege that "he could perform the essential functions of the position" if granted the requested accommodations, *Wilson*, 121 F. Supp. 3d at 484, or even identify the essential functions of his position. Accordingly, his failure-to-accommodate claim must be dismissed.

Plaintiff's FEPA claims fail for the same reasons as his ADA claims. "[C]ourts generally treat the analysis of claims under the ADA and FEPA as coterminous," as "FEPA . . . prohibits substantially the same conduct as the ADA." *Nelson-Rogers v. Kaiser Permanente*, Civ. No. GJH-17-3326, 2020 WL 917067, at *7 (D. Md. Feb. 25, 2020) (citations omitted). Because Plaintiff alleges that the same conduct violated both the ADA and the FEPA, *see* ECF No. 1 at 6, and these statutes contain consonant requirements and prohibitions, the Court finds the Complaint inadequate to state any plausible FEPA claim for the same reasons it fails to state plausible ADA claims.

**B. FMLA**

"Congress passed the FMLA to provide workers flexibility in managing their work and family responsibilities by guaranteeing reasonable medical leave in certain circumstances." *Reed v. Buckeye Fire Equip.*, 241 F. App'x 917, 923 (4th Cir. 2007) (citing 29 U.S.C. § 2601(b)). The statute prohibits covered employers from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right" to leave under the FMLA. 29 U.S.C. § 2615(a)(1). Employers covered by the FMLA include those "engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year[.]" 29 U.S.C. § 2611(4). Under the FMLA, "[a]n 'eligible employee' has the right to take up to twelve weeks leave from work during any twelve-month period '[b]ecause of a serious health condition that makes the employee unable to perform the functions of' his or her job." *Id.* (quoting 29 U.S.C. § 2612(a)(1)(D)). An employer's failure to notify an employee that they qualify for FMLA benefits constitutes actionable interference. *Id.* at 924–25 (citing 29 C.F.R. § 825.220(b)). "To establish unlawful interference with FMLA benefits, an employee must prove that: (1) []he was an eligible employee; (2) h[is] employer was covered by the statute; (3) []he was entitled to leave under the FMLA; (4) []he gave h[is] employer adequate notice of h[is] intention to take leave; and (5) the employer denied h[is] FMLA benefits to which []he was entitled." *Edusei v. Adventist Healthcare, Inc.*, Civ. No. DKC 13-0157, 2014 WL 3345051, at *5 (D. Md. July 7, 2014) (quoting *Wonasue v. Univ. of Md. Alumni Ass'n*, 984 F. Supp. 2d 480, 495 (D. Md. 2013)). "The employee also must prove 'that the violation prejudiced h[im] in some way.'" *Edusei*, 2014 WL 3345051 at *5 (quoting *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)).

Here, Plaintiff's interference claim fails at the first step. "Eligible employee" is defined as an employee who has been employed for at least 12 months by their employer and "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A)(ii). Plaintiff alleges in his Complaint that Defendant failed to give him "notice of rights under the [FMLA] after expiration of Long Term Disability benefits, in violation of 29 U.S.C. [§] 2615." ECF No. 1 at 6. But he does not allege sufficient facts to suggest that he was an "eligible employee" or when FMLA benefits should have started accruing for him. Plaintiff also fails to allege any facts suggesting (1) that Defendant is a covered employer under 29 U.S.C. § 2611(4); (2) that Plaintiff was entitled to FMLA leave under 29 U.S.C. § 2612(a)(1)(D); or (3) that he was prejudiced by any alleged violation of the FMLA. Although Plaintiff attaches several documents to his Complaint, he failed to "briefly identify the facts contained in the underlying documents which plausibly support [his] legal conclusions." *Teamsters Loc. No. 355*, 2019 WL 174554, at *2. Thus, the attached documents cannot save Plaintiff's otherwise deficient Complaint. Accordingly, Defendant's motion must be granted, and Plaintiff's FMLA interference claim must be dismissed.

### C. Request for Leave to Amend

In his response to Defendant's motion, Plaintiff requests leave to amend his Complaint. *See* ECF No. 16. Defendant opposes that request. *See* ECF No. 17 at 10–11.

A motion for leave to amend a pleading is governed by Federal Rule of Civil Procedure 15.

> Under Rule [15(a)], "[a] party may amend its pleading once as a matter of course," if done within 21 days after serving the pleading. Or, "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

> whichever is earlier." . . . "[I]n all other cases," a party wishing to amend its pleading must obtain "the opposing party's written consent or the court's leave."

*Maryland v. United States*, 360 F. Supp. 3d 288, 296 (D. Md. 2019) (quoting Fed. R. Civ. P. 15(a)(1)(A), (a)(1)(B), (a)(2)). Generally, "[l]eave to amend should be liberally granted." *Fluker v. Kenney's Franchise Corp.*, 908 F.2d 966 (4th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citation omitted) ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)."). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). An amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

The Local Rules of this Court require a plaintiff's motion for leave to amend their complaint to be accompanied by a copy of the proposed amendment. *See* Loc. R. 103.6 (D. Md. 2025); *Green v. iMentor, Inc.*, Civ. No. RDB-24-2567, 2025 WL 3077594, at *6 (D. Md. Nov. 4, 2025) (collecting cases, and explaining that when the party requesting leave to amend does not present a copy of its proposed amendment to the court, leave to amend is properly denied). Moreover, a motion for leave to amend typically must be filed formally as a separate motion, not in an opposition brief. *See Glover v. Patterson*, Civ. No. BAH-25-1679, 2026 WL 594597, at *7 (D. Md. Mar. 3, 2026) (collecting cases). Nevertheless, this Court may grant requests for leave to amend "made informally." *Id.* (citing *McCray v. Wells Fargo Bank, NA*, Civ. No. GLR-13-1518, 2017 WL 11849521, at *3 (D. Md. Nov. 13, 2017)). "In such cases, however, 'a court is likely to

deny the request if it does not specify what the proposed amendment is and what it will accomplish.'" *Id.* (citing *Demurjian v. Dunbar*, Civ. No. 23-3180-BAH, 2025 WL 404380, at *6 (D. Md. Feb. 5, 2025)). At the same time, cases involving *pro se* plaintiffs are properly handled with greater leniency. *See Mamaril v. Lutnick*, Civ. No. 25-2010-BAH, 2026 WL 986443, at *7 (D. Md. Apr. 13, 2026). "A motion for leave to amend should be liberally granted to *pro se* plaintiffs if there are insufficiencies in the pleading, even if the motion for leave does not offer proposed amendments." *Awah v. Midland Credit Mgmt. of Am.*, Civ. No. RWT-10-00885, 2010 WL 4026098, at *5 (D. Md. Oct. 14, 2010).

Here, in his opposition brief, Plaintiff proffers additional facts in support of his claims that are not alleged in his Complaint.[2] Beginning in January 2022, Plaintiff went on medical leave due to sciatica, which limited his ability to walk, climb, and sit for prolonged periods. ECF No. 16 at 1. Upon his return to the workplace in April 2023, Plaintiff's company-issued badge remained active, and he entered the facility without restriction. *Id.* at 1–2. Plaintiff's manager was surprised to see Plaintiff, informing him that he was told by the Human Resources Director that Plaintiff had quit. *Id.* at 2. But Plaintiff never formally resigned from his position. *Id.* Prior to and upon his attempted return to work, Plaintiff requested reasonable accommodations, but his request was denied. *Id.* Specifically, Plaintiff requested assignment to a route with another driver so that driving responsibilities could be shared and/or assignment to a front-loading truck, which would have reduced the physical strain associated with his job duties. *Id.* Defendant did not offer justification for its accommodation denials until January 22, 2026, after it became aware of Plaintiff's EEOC charge. *Id.*

[2] It is well-established that "a complaint may not be amended by [a] brief[] in opposition to a motion to dismiss," *Doe v. Cmty. Coll. of Balt. Cnty.*, 595 F. Supp. 3d 392, 417 (D. Md. 2022) (citation omitted), so the Court may not consider Plaintiff's additional facts to assess the sufficiency of the Complaint.

Including the foregoing facts in an amended pleading may help Plaintiff state plausible claims for relief. Additionally, in Parts III.A and III.B of this Memorandum, the Court has described certain requirements for a plaintiff to state plausible claims under the ADA, FEPA, and FMLA. With this guidance, Plaintiff may be able to marshal any additional facts necessary to state claims sufficient to survive a Rule 12(b)(6) motion to dismiss. Therefore, the Court cannot find, at this stage, that it would be futile to allow Plaintiff to file an amended complaint. Defendant argues that any amendment would be futile but offers no substantive argument in support of that contention. *See* ECF No. 17 at 10–11. Defendant does not argue that it would be prejudiced by amendment or that Plaintiff seeks leave to amend in bad faith. Accordingly, the Court grants Plaintiff's request for leave to amend.

Plaintiff is directed to file an amended complaint within 21 days. He should note that the amended complaint will replace the Complaint now on file. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, Plaintiff must include all allegations against Defendant necessary to state plausible claims for relief so that the amended complaint will stand alone as Plaintiff's sole operative pleading in this case.

## IV. ORDER

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that Defendant's motion to dismiss, ECF No. 8, and Plaintiff's request for leave to amend, ECF No. 16, are GRANTED. Plaintiff SHALL FILE an amended complaint no later than **August 31, 2026**. Plaintiff is forewarned that if he fails to file a timely amended complaint, this case may be closed without further notice.

The Clerk SHALL SEND a copy of this Memorandum and Order to Plaintiff and to counsel for Defendant.

It is so ORDERED this 10th day of August, 2026.

/S/
Matthew J. Maddox
United States District Judge